1  **BLUMENTHAL, NORDREHAUG & BHOWMIK**
    Norman B. Blumenthal (State Bar #068687)
2   Kyle R. Nordrehaug (State Bar #205975)
    Aparajit Bhowmik (State Bar #248066)
3  2255 Calle Clara
   La Jolla, CA 92037
4  Telephone: (858)551-1223
   Facsimile: (858) 551-1232
5  Firmsite: www.bamlawca.com

6  Attorneys for Plaintiff

7

8

9

10                  **UNITED STATES DISTRICT COURT**

11               **SOUTHERN DISTRICT OF CALIFORNIA**

12

13

14  JOE C VALADEZ, an individual, on       CASE No. ___**'10 CV 2595 WQH WVG**___
    behalf of himself and all persons similarly
15  situated,                               CLASS AND COLLECTIVE ACTION
                                            COMPLAINT FOR:
16                                          1.  UNFAIR COMPETITION IN
                  Plaintiff,                VIOLATION OF CAL. BUS. & PROF.
17                                          CODE §§ 17200 et seq.;
    vs.                                     2.  FAILURE TO PAY OVERTIME
18                                          COMPENSATION IN VIOLATION OF
    MERCK SHARP & DOHME CORP.,              CAL. LAB. CODE §§ 510, 515.5, 551,
19  solely and exclusively as successor in 552, 1194 AND 1198, et seq.;
    interest to SCHERING-PLOUGH             3.  FAILURE TO PROVIDE
20  CORPORATION,                            ACCURATE ITEMIZED STATEMENTS
                                            IN VIOLATION OF CAL. LAB. CODE §
21                                          226; and,
                                            4.  FAILURE TO PAY OVERTIME
22                Defendants.               COMPENSATION IN VIOLATION OF
                                            29 U.S.C. §§ 201 et seq.
23
                                            **DEMAND FOR A JURY TRIAL**
24

25

26

27

28

Plaintiff Joe C Valadez ("PLAINTIFF"), on behalf of himself and all other similarly situated current and former employees, allege on information and belief, except for his own acts and knowledge, the following:

### THE PARTIES

1. Schering-Plough Corporation is a corporation founded in 1969 and organized under the laws of New Jersey with its principal place of business in Kenilworth, New Jersey. As of November 3, 2009, Schering-Plough Corporation was acquired by Merck Sharp & Dohme Corp. Merck Sharp & Dohme Corp. is a Defendant solely and exclusively in its capacity as the successor in interest to Schering-Plough Corporation with respect to the liability alleged in this Action. Merck Sharp & Dohme Corp. and Schering-Plough Corporation are therefore jointly responsible as employers for the conduct alleged herein, and are collectively referred to in this Complaint as "SCHERING-PLOUGH" or "DEFENDANT." SCHERING-PLOUGH is engaged in the research, development, manufacture and sale of pharmaceuticals worldwide operating in three segments: Prescription Pharmaceuticals, Consumer Health Care, and Animal Health.

2. SCHERING-PLOUGH maintains its headquarters in Kenilworth, New Jersey and also serves regional markets throughout the United States providing healthcare products and solutions through hospitals, pharmacies, government agencies, and wholesale and retail, drug, food chain, and mass merchandiser outlets. The marketing function at SCHERING-PLOUGH is responsible in relevant part, for promoting SCHERING-PLOUGH's products and ensuring that the products are marketed according to specified SCHERING-PLOUGH standards.

3. As part of SCHERING-PLOUGH's business, DEFENDANT employs individuals whose primary job duty is promoting DEFENDANT's pharmaceutical healthcare products. These employees distribute free samples of DEFENDANT's products to physicians and encourage physicians to prescribe DEFENDANT's products to patients in order to stimulate the sales of these products. These employees have the job titles of "Pharmaceutical Sales Representative" and "Sales Representative." Collectively, all employees in these positions, with

or without a "I, II or III" descriptor, and who perform this job duty are referred to herein as "Sales Representatives."  This Action is brought on behalf of the PLAINTIFF and all those employees of DEFENDANT in California who worked for DEFENDANT as a Sales Representative during the CLASS PERIOD ("CLASS" or "Class Members").

4.      Plaintiff Joe Valadez ("PLAINTIFF") was employed by DEFENDANT in California as a "Pharmaceutical Sales Representative" from March 2004 to June 2009.

5.      The position of "Pharmaceutical Sales Representative" was represented by DEFENDANT to the PLAINTIFF and the other Sales Representatives as an exempt and a salaried position.

6.      For DEFENDANT's business, the Class Members functioned as working members on DEFENDANT's marketing and sales staff.  As defined by DEFENDANT's comprehensive corporate policies and procedures, the primary job duty of the Class Members employed by SCHERING-PLOUGH was and is to promote DEFENDANT's pharmaceutical healthcare products in accordance with DEFENDANT's established specific procedures and protocols which govern and control every aspect of the work performed by the Sales Representatives.  The primary job duty of these Class Members was not and is not to make sales and/or obtain orders or contracts for products.  SCHERING-PLOUGH's standardized procedures mirror the realities of the workplace evidencing a uniformity of work among the Sales Representatives and negate any exercise of independent judgment and discretion as to any matter of significance and any customary and regular engagement in sales-related activity.

7.      The work schedule for Sales Representatives was set by DEFENDANT. Generally, the Class Members work ten (10) to fourteen (14) hours each workday and ten (10) to twenty (20) hours of overtime each workweek.

8.      DEFENDANT has not established an alternative workweek election for Sales Representatives for ten (10) to fourteen (14) hour workdays.

9.      PLAINTIFF and the other Sales Representatives were not provided with overtime compensation and other benefits required by law as a result of being classified as

"exempt"  by DEFENDANT.

10.    PLAINTIFF brings this Class Action on behalf of himself and a California Class consisting of all individuals who are or previously were employed by Defendant Schering-Plough Corporation promoting pharmaceutical healthcare products in California (the "CALIFORNIA CLASS") during the period beginning on the date four years before the filing of this action and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

11.    As a matter of company policy, practice, and procedure, DEFENDANT has unlawfully, unfairly and/or deceptively classified every Sales Representative as exempt based on job title alone, failed to pay the required overtime compensation, and otherwise failed to comply with all applicable labor laws with respect to these Sales Representatives.

12.    The agents, servants, and/or employees of DEFENDANT and each of them acting on behalf of DEFENDANT acted within the course and scope of his, her or its authority as the agent, servant, and/or employee of DEFENDANT, and personally participated in the conduct alleged herein on behalf of DEFENDANT with respect to the conduct alleged herein.  Consequently, DEFENDANT is jointly and severally liable to the PLAINTIFF and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of DEFENDANT's agents, servants, and/or employees.

### THE CONDUCT

13.    The primary job duty required of the Sales Representatives is promoting DEFENDANT's pharmaceutical healthcare products to physicians in order to stimulate the sales of these products in accordance with established protocol and performing tasks as directed or assigned by DEFENDANT.  This primary job duty of the sales representatives is a non-exempt task.

14.    PLAINTIFF and the Sales Representatives performed the non-exempt labor described herein in accordance with DEFENDANT's uniform corporate policies, procedures and protocols.  In accordance with DEFENDANT's uniform corporate policies, procedures

1   and protocols, DEFENDANT instituted a blanket classification policy, practice and

2   procedure by which all of these Sales Representatives were classified as exempt from

3   overtime compensation, rest breaks and meal breaks.  By reason of this uniform exemption

4   practice, policy and procedure applicable to the PLAINTIFF and all other Sales

5   Representatives who performed this non-exempt labor, DEFENDANT committed acts of

6   unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof.

7   Code § 17200 (the "UCL"), by engaging in a uniform company-wide policy, practice and

8   procedure which failed to properly classify the PLAINTIFF and the other Sales

9   Representatives and thereby failed to pay them overtime wages for overtime hours worked

10  and provide them with meal and rest breaks.  The proper classification of these employees is

11  DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the

12  obligation to meet this burden, DEFENDANT failed to pay all required overtime

13  compensation for work performed by the members of the CALIFORNIA CLASS and

14  violated the California Labor Code and regulations promulgated thereunder as herein

15  alleged.  In addition, DEFENDANT failed to provide all of the legally required off-duty

16  meal and rest breaks to the PLAINTIFF and other Sales Representatives as required by the

17  applicable Wage Order and Labor Code.

18          15.     DEFENDANT, as a matter of law, has the burden of proving that (a)

19  employees are properly classified as exempt and that (b) DEFENDANT otherwise complies

20  with applicable laws.  Other than the initial classification of the PLAINTIFF and the other

21  Sales Representatives as exempt from being paid overtime based on job title alone,

22  DEFENDANT had no business policy, practice, or procedure to ensure that the PLAINTIFF

23  and the other Sales Representatives were properly classified as exempt, and in fact, as a

24  matter of corporate policy erroneously, unilaterally and uniformly classified all the Class

25  Members as exempt based on job title alone.

26          16.     During their employment with DEFENDANT, the PLAINTIFF and the

27  other Sales Representatives, primarily performed non-exempt job duties, but were

28  nevertheless classified by DEFENDANT as exempt from overtime pay and worked more

than eight (8) hours a day, forty (40) hours a week, and/or on the seventh (7th) consecutive day of a workweek.

17.     PLAINTIFF and the other Sales Representatives employed by DEFENDANT were not primarily engaged in work of a type that was or now is directly related to the making of sales, management or general business operations of the employer's customers, when giving these words a fair but narrow construction.  PLAINTIFF and the other Sales Representatives employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed for the purpose of obtaining orders or contracts for products for DEFENDANT.  PLAINTIFF and the other Sales Representatives employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed more than half the time actually selling, including sales-related activities. PLAINTIFF and the other Sales Representatives employed by DEFENDANT were also not primarily engaged in work of a type that was or now is performed at the level of the policy or management of DEFENDANT.  PLAINTIFF and the other Sales Representatives employed by DEFENDANT were also not primarily engaged in work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, but rather their work primarily involves the performance of routine mental, manual, and/or physical processes.  PLAINTIFF and the other Sales Representatives employed by DEFENDANT were also not primarily engaged in work that is predominantly intellectual and varied in character, but rather is routine mental, manual, mechanical, and/or physical work that is of such character that the output produced or the result accomplished can be standardized in relation to a given period of time.  The work of a Sales Representative of DEFENDANT was work wherein the PLAINTIFF and members of the CALIFORNIA CLASS were primarily engaged in the day-to-day operations of promoting DEFENDANT's pharmaceutical healthcare products in strict accordance with the uniform protocols, policies and operations established by DEFENDANT.

18.     The primary job duty of the PLAINTIFF and other Sales Representatives

1   employed by DEFENDANT was and is promoting DEFENDANT's pharmaceutical

2   healthcare products for DEFENDANT's benefit.  As a result, the PLAINTIFF and other

3   Sales Representatives employed by DEFENDANT were primarily engaged in work that falls

4   outside the scope of the "outside salesperson" exemption and should have been properly

5   classified as non-exempt employees.

6          19.     PLAINTIFF and all members of the CALIFORNIA CLASS  are and were

7   uniformly classified and treated by DEFENDANT as exempt at the time of hire and

8   thereafter, DEFENDANT failed to take the proper steps to determine whether the

9   PLAINTIFF, and the members of the CALIFORNIA CLASS, were properly classified under

10  the applicable Industrial Welfare Commission Wage Order (Wage Order 1-2001 and/or

11  Wage Order 4-2001) and Cal. Lab. Code §§ 510 et seq. as exempt from applicable federal

12  and state labor laws.  Since DEFENDANT affirmatively and wilfully misclassified the

13  PLAINTIFF and the members of the CALIFORNIA CLASS in compliance with California

14  Labor Laws, DEFENDANT's practices violated and continue to violate the law.  In addition,

15  DEFENDANT acted deceptively by falsely and fraudulently telling the PLAINTIFF and

16  each member of the CALIFORNIA CLASS  that they were exempt from overtime pay when

17  DEFENDANT knew or should have known that this statement was false and not based on

18  known facts.  DEFENDANT also acted unfairly by violating the labor laws of California,

19  and as a result of this policy and practice, DEFENDANT also violated the UCL.  In doing

20  so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS less than

21  the amount competitors paid who complied with the law and cheated the CALIFORNIA

22  CLASS by not paying them in accordance with California law.

23         20.     DEFENDANT failed to provide and still fails to provide the PLAINTIFF and

24  the other Sales Representatives with a wage statement in writing that accurately sets forth

25  gross wages earned, all applicable hourly rates in effect during the pay period and the

26  corresponding number of hours worked at each hourly rate by the PLAINTIFF and the other

27  Sales Representatives.  This conduct violates California Labor Code § 226.  The pay stub

28  also does not accurately display anywhere the PLAINTIFF's and the other Sales

Representatives' overtime hours and applicable rates of overtime pay for the pay period.

21.     By reason of this uniform conduct applicable to the PLAINTIFF and all CALIFORNIA CLASS members, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by engaging in a company-wide policy and procedure which failed to correctly classify the PLAINTIFF and the CALIFORNIA CLASS of Sales Representatives as non-exempt.  The proper classification of these employees is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT failed to properly calculate and/or pay all required overtime compensation for work performed by the members of the CALIFORNIA CLASS and violated the applicable Wage Order, the California Labor Code and the regulations promulgated thereunder as herein alleged.

## THE UCL REMEDIES

22.     As a result of DEFENDANT's UCL violation, the PLAINTIFF, on behalf of himself and the CALIFORNIA CLASS, seeks restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund in order to provide restitution of all the money that DEFENDANT was required by law to pay, but failed to pay, to the PLAINTIFF and all the other CALIFORNIA CLASS members.  PLAINTIFF also seeks all other relief available to him and the other Sales Representatives located in California under California law.  PLAINTIFF also seeks declaratory relief finding that the employment practices and policies of DEFENDANT violate California law.

## THE CALIFORNIA CLASS

23.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq. (the "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf of a California Class, defined as all individuals who are or previously were employed by

1  Defendant Schering-Plough Corporation as a Sales Representative as hereinabove defined in

2  California during the period beginning on the date four years before the filing of this Action

3  and ending on the date as determined by the Court (the "CALIFORNIA CLASS").

4          24.     To the extent equitable tolling operates to toll claims by the CALIFORNIA

5  CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

6  accordingly.

7          25.     DEFENDANT, as a matter of corporate policy, practice and procedure,

8  and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC")

9  Wage Order Requirements, and the applicable provisions of California law, intentionally,

10  knowingly, and wilfully, engaged in a practice whereby DEFENDANT unfairly, unlawfully,

11  and deceptively instituted a practice to ensure that the employees employed in a Sales

12  Representative position were not properly classified as non-exempt from the requirements of

13  California Labor Code §§ 510, et seq.

14          26.     DEFENDANT has the burden of proof that each and every employee is

15  properly classified as exempt from the requirements of the Cal. Lab. Code §§ 510, et seq.

16  DEFENDANT, however, as a matter of uniform and systematic policy and procedure had in

17  place during the CALIFORNIA CLASS PERIOD and still has in place a policy and practice

18  that misclassifies the CALIFORNIA CLASS members as exempt.  DEFENDANT's uniform

19  policy and practice in place at all times during the CALIFORNIA CLASS PERIOD and

20  currently in place is to systematically classify each and every CALIFORNIA CLASS

21  member as exempt from the requirements of the California Labor Code §§ 510, et seq.  This

22  common business practice applicable to each and every CALIFORNIA CLASS member can

23  be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal.

24  Business & Professions Code §17200, *et seq.* (the "UCL") as causation, damages, and

25  reliance are not elements of this claim.

26          27.     At no time before, during or after the PLAINTIFF's employment with

27  DEFENDANT was any Sales Representative reclassified as non-exempt from the applicable

28  requirements of California Labor Code §§ 510, *et seq*. after each CALIFORNIA CLASS

member was initially, uniformly, and systematically classified as exempt upon being hired.

28.     Any individual declarations of any employees offered at this time purporting to indicate that one or more Sales Representative may have been properly classified is of no force or affect absent contemporaneous evidence that DEFENDANT's uniform system did not misclassify the PLAINTIFF and the other Sales Representatives as exempt pursuant to Cal. Lab. Code §§ 510, et seq.  Absent proof of such a contemporaneous system, DEFENDANT's business practice is uniformly unlawful, unfair and/or deceptive under the UCL and may be so adjudicated on a class-wide basis.  As a result of the UCL violations, the PLAINTIFF and the CALIFORNIA CLASS members are entitled to compel DEFENDANT to provide restitutionary disgorgement of their ill-gotten gains into a fluid fund in order to restitute these funds to the PLAINTIFF and the members of the CALIFORNIA CLASS according to proof.

29.     The CALIFORNIA CLASS is so numerous that joinder of all Sales Representatives, is impracticable.

30.     Common questions of law and fact exist as to members of the CALIFORNIA CLASS, including, but not limited, to the following:

(a)     Violating the California Unfair Competition Laws, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly misclassified the PLAINTIFF and the members of the CALIFORNIA CLASS as exempt;

(b)     Committing an act of unfair competition in violation of the UCL, by unlawfully, unfairly, and/or deceptively failing to have in place a company policy, practice and procedure that accurately determined the amount of working time spent by the PLAINTIFF and the members of the CALIFORNIA CLASS performing non-exempt labor;

(c)     Committing an act of unfair competition in violation of the UCL, by having in place a company policy, practice and procedure that failed to

1              reclassify as non-exempt those members of the CALIFORNIA CLASS

2              whose actual job duties are primarily comprised of non-exempt job

3              functions;

4      (d)    Committing an act of unfair competition in violation of the UCL, by

5              violating Cal. Lab. Code §§510, *et seq.* by failing to pay the correct

6              overtime pay to the PLAINTIFF and members of the CALIFORNIA

7              CLASS who were improperly classified as exempt, and retaining the

8              unpaid overtime to the benefit of DEFENDANT;

9      (e)    Committing an act of unfair competition in violation of the UCL, by

10             failing to provide mandatory meal and/or rest periods to the

11             PLAINTIFF and the Class Members; and,

12      (f)    Committing an act of unfair competition in violation of the UCL, by

13             violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF

14             and the members of the CALIFORNIA CLASS with an accurate

15             itemized statement in writing showing the gross wages earned, the net

16             wages earned, all applicable hourly rates in effect during the pay period

17             and the corresponding number of hours worked at each hourly rate by

18             the employee.

19    31.    This Class Action meets the statutory prerequisites for the maintenance

20 of a Class  Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

21      (a)    The persons who comprise the CALIFORNIA CLASS exceed 100

22             persons and are therefore so numerous that the joinder of all such

23             persons is impracticable and the disposition of their claims as a class

24             will benefit the parties and the Court;

25      (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

26             raised in this Complaint are common to the CALIFORNIA CLASS will

27             apply uniformly to every member of the CALIFORNIA CLASS;

28      (c)    The claims of the representative PLAINTIFF are typical of the claims

of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all other members of the CALIFORNIA CLASS, was initially classified as exempt upon hiring based on the defined corporate policies and practices and labored under DEFENDANT's systematic procedure that failed to properly classify the PLAINTIFF and the members of the CALIFORNIA CLASS.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of misconduct engaged in by DEFENDANT by deceptively advising all Sales Representatives that they were exempt from overtime wages based on the defined corporate policies and practices, and unfairly failing to pay overtime to these employees who were improperly classified as exempt.

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who are competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA CLASS that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

32.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)     Without class certification and determination of declaratory, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS

will create the risk of:

1)   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

2)   Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)   The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and treated the Sales Representatives as exempt and, thereafter, uniformly failed to take proper steps to determine whether the Sales Representatives were properly classified as exempt, and thereby denied these employees overtime wages as required by law;

1)   With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the PLAINTIFF seeks declaratory relief holding that DEFENDANT's policy and practices constitute unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition;

(c)   Common questions of law and fact exist as to the members of the CALIFORNIA CLASS, with respect to the practices and violations of

California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1) The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because as a practical matter a substantial number of individual Class Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a

representative; and,

4)   A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

33.   This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)   The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members because DEFENDANT's employment practices were uniform and systematically applied with respect to the CALIFORNIA CLASS;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS because in the context of employment litigation a substantial number of individual Class Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA CLASS exceed 100 persons and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA CLASS members, will not be able to obtain effective and economic legal redress unless the Action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the

injuries which DEFENDANT's actions have inflicted upon the
CALIFORNIA CLASS;

(f)   There is a community of interest in ensuring that the combined assets of
DEFENDANT are sufficient to adequately compensate the members of
the CALIFORNIA CLASS for the injuries sustained;

(g)   DEFENDANT had acted or refused to act on grounds generally
applicable to the CALIFORNIA CLASS, thereby making final class-
wide relief appropriate with respect to the CALIFORNIA CLASS as a
whole;

(h)   The members of the CALIFORNIA CLASS are readily ascertainable
from the business records of DEFENDANT.  The CALIFORNIA
CLASS consists of all DEFENDANT's Sales Representatives
employed in California during the CALIFORNIA CLASS PERIOD;
and,

(i)   Class treatment provides manageable judicial treatment calculated to
bring an efficient and rapid conclusion to all litigation of all wage and
hour related claims arising out of the conduct of DEFENDANT as to
the members of the CALIFORNIA CLASS.

34.   DEFENDANT maintains records from which the Court can ascertain and
identify by name and job title, each of DEFENDANT's employees who have been
systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy,
practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the
Complaint to include any additional job titles of similarly situated employees when they
have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

35.   PLAINTIFF further brings the Second and Third Causes of Action on
behalf of a sub-class which consists of all members of the CALIFORNIA CLASS who were
employed by DEFENDANT during the period beginning on the date three (3) years prior to

1   the filing of this Action and ending on the date as determined by the Court (CALIFORNIA

2   LABOR SUB-CLASS PERIOD), who performed work in excess of eight (8) hours in one

3   day and/or forty (40) hours in one workweek and/or hours on the seventh (7th) consecutive

4   day of a workweek and did not receive overtime compensation (the "CALIFORNIA

5   LABOR SUB-CLASS") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

6       36.    DEFENDANT, as a matter of corporate policy, practice and procedure,

7   and in violation of the applicable California Labor Code ("Labor Code"), and Industrial

8   Welfare Commission ("IWC") Wage Order Requirements intentionally, knowingly, wilfully,

9   and systematically misclassified the PLAINTIFF and the other members of the

10  CALIFORNIA CLASS and the CALIFORNIA LABOR SUB-CLASS as exempt from

11  overtime wages and other labor laws based on DEFENDANT's comprehensive policies and

12  procedures in order to avoid the payment of overtime wages by misclassifying their

13  positions as exempt from overtime wages and other labor laws.  To the extent equitable

14  tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against

15  DEFENDANT, the class period should be adjusted accordingly.

16      37.    DEFENDANT has intentionally and deliberately created a number of job

17  job titles such as "Pharmaceutical Sales Representative" and "Customer Representative"

18  which were distributed in order to create the superficial appearance of a number of unique

19  jobs, when in fact, these jobs are substantially similar and can be easily grouped together for

20  the purpose of determining whether they were all misclassified.  One of DEFENDANT's

21  purposes in creating and maintaining this multi-title and multi-level job classification

22  scheme is to create an artificial barrier to discovery and class certification for all employees

23  similarly misclassified as exempt.  DEFENDANT has uniformly misclassified these

24  CALIFORNIA LABOR SUB-CLASS  members as exempt and denied them overtime wages

25  and other benefits to which non-exempt employees are entitled in order to unfairly cheat the

26  competition and unlawfully profit.

27      38.    DEFENDANT maintains records from which the Court can ascertain and

28  identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR

1   SUB-CLASS  members have been systematically, intentionally and uniformly misclassified

2   as exempt as a matter of DEFENDANT's corporate policy, practices and procedures.

3   PLAINTIFF will seek leave to amend the Complaint to include these additional job titles

4   when they have been identified.

5       39.     The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all

6   members, which number over 100 Sales Representatives, is impracticable.

7       40.     Common questions of law and fact exist as to members of the CALIFORNIA

8   LABOR SUB-CLASS, including, but not limited, to the following:

9               (a)     Whether DEFENDANT unlawfully failed to pay overtime

10                      compensation to members of the CALIFORNIA LABOR SUB-CLASS

11                      in violation of the California Labor Code and California regulations and

12                      the applicable California Wage Order;

13              (b)     Whether the members of the CALIFORNIA LABOR SUB-CLASS are

14                      non-exempt employees entitled to overtime compensation for overtime

15                      hours worked under the overtime pay requirements of California Law;

16              (c)     Whether DEFENDANT's policy and practice of classifying the

17                      CALIFORNIA LABOR SUB-CLASS members as exempt from

18                      overtime compensation and failing to pay the CALIFORNIA LABOR

19                      SUB-CLASS members overtime violate applicable provisions of

20                      California law;

21              (d)     Whether DEFENDANT unlawfully failed to keep and furnish

22                      CALIFORNIA LABOR SUB-CLASS  members with accurate records

23                      of overtime hours worked;

24              (e)     Whether DEFENDANT's policy and practice of failing to pay members

25                      of the CALIFORNIA LABOR SUB-CLASS all wages when due within

26                      the time required by law after their employment ended violates

27                      California law; and,

28              (f)     The proper measure of damages and penalties owed to the members of

1    the CALIFORNIA LABOR SUB-CLASS.

2    41.    DEFENDANT, as a matter of corporate policy, practice and procedure,

3    erroneously classified all Sales Representatives as exempt from overtime wages and other

4    labor laws.  All Sales Representatives, including the PLAINTIFF, performed the same

5    primary functions and were paid by DEFENDANT according to uniform and systematic

6    company procedures, which, as alleged herein above, failed to correctly pay overtime

7    compensation.  This business practice was uniformly applied to each and every member of

8    the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can

9    be adjudicated on a class-wide basis.

10    42.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS

11    under California law by:

12    (a)    Violating Cal. Lab. Code §§ 510, et seq. by misclassifying and thereby

13    failing to pay the PLAINTIFF and the members of the CALIFORNIA

14    LABOR SUB-CLASS the correct overtime pay for a workday longer

15    than eight (8) hours, a workweek longer than forty (40) hours, and/or all

16    hours worked on the seventh (7th) consecutive day of a workweek for

17    which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

18    (b)    Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that

19    when an employee is discharged or quits from employment, the

20    employer must pay the employee all wages due without abatement, by

21    failing to tender full payment and/or restitution of wages owed or in the

22    manner required by California law to the members of the

23    CALIFORNIA LABOR SUB-CLASS who have terminated their

24    employment;

25    (c)    Violating Cal. Lab. Code § 226 by failing to provide the PLAINTIFF

26    and the members of the CALIFORNIA LABOR SUB-CLASS who

27    were improperly classified as exempt with an accurate itemized

28    statement in writing showing the gross wages earned, the net wages

1    earned, all applicable hourly rates in effect during the pay period and

2    the corresponding number of hours worked at each hourly rate by the

3    employee.

4    43.    This Class Action meets the statutory prerequisites for the maintenance of a

5    Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

6        (a)    The persons who comprise the CALIFORNIA LABOR SUB-CLASS

7               exceed 100 persons and are therefore so numerous that the joinder of all

8               such persons is impracticable and the disposition of their claims as a

9               class will benefit the parties and the Court;

10       (b)    Nearly all factual, legal, statutory, and declaratory relief issues that are

11              raised in this Complaint are common to the CALIFORNIA LABOR

12              SUB-CLASS and will apply uniformly to every member of the

13              CALIFORNIA LABOR SUB-CLASS;

14       (c)    The claims of the representative PLAINTIFF are typical of the claims

15              of each member of the CALIFORNIA LABOR SUB-CLASS.

16              PLAINTIFF, like all other members of the CALIFORNIA LABOR

17              SUB-CLASS, was improperly classified as exempt and denied overtime

18              pay as a result of DEFENDANT's systematic classification practices.

19              PLAINTIFF and all other members of the CALIFORNIA LABOR

20              SUB-CLASS sustained economic injuries arising from DEFENDANT's

21              violations of California law; and,

22       (d)    The representative PLAINTIFF will fairly and adequately represent and

23              protect the interest of the CALIFORNIA LABOR SUB-CLASS, and

24              has retained counsel who are competent and experienced in Class

25              Action litigation.  There are no material conflicts between the claims of

26              the representative PLAINTIFF and the members of the CALIFORNIA

27              LABOR SUB-CLASS that would make class certification

28              inappropriate.  Counsel for the CALIFORNIA LABOR SUB-CLASS

1          will vigorously assert the claims of all Class Members.

2          44.     In addition to meeting the statutory prerequisites to a Class Action, this Action

3    is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3),

4    in that:

5                  (a)     Without class certification and determination of declaratory, statutory

6                          and other legal questions within the class format, prosecution of

7                          separate actions by individual members of the CALIFORNIA LABOR

8                          SUB-CLASS will create the risk of:

9                          1)     Inconsistent or varying adjudications with respect to individual

10                                 members of the CALIFORNIA LABOR SUB-CLASS which

11                                 would establish incompatible standards of conduct for the parties

12                                 opposing the CALIFORNIA LABOR SUB-CLASS; or,

13                         2)     Adjudication with respect to individual members of the

14                                 CALIFORNIA LABOR SUB-CLASS which would as a

15                                 practical matter be dispositive of interests of the other members

16                                 not party to the adjudication or substantially impair or impede

17                                 their ability to protect their interests.

18                 (b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have

19                          acted or refused to act on grounds generally applicable to the

20                          CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide

21                          relief with respect to the CALIFORNIA LABOR SUB-CLASS as a

22                          whole in that DEFENDANT uniformly classified and treated the Sales

23                          Representatives as exempt and, thereafter, uniformly failed to take

24                          proper steps to determine whether the Sales Representatives were

25                          properly classified as exempt, and thereby denied these employees

26                          overtime wages as required by law;

27                 (c)     Common questions of law and fact predominate as to the members of

28                          the CALIFORNIA LABOR SUB-CLASS, with respect to the practices

and violations of California Law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)   The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)   Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

   A.   Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for DEFENDANT; and/or,

   B.   Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)   In the context of wage litigation because a substantial number of individual class members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to

assert their claims through a representative; and,

4)   A Class Action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

45.   This Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), because:

(a)   The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual members;

(b)   A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual Class Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c)   The members of the CALIFORNIA LABOR SUB-CLASS exceed 100 persons and are therefore so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted

1          upon the CALIFORNIA LABOR SUB-CLASS;

2     (f)   There is a community of interest in ensuring that the combined assets of

3          DEFENDANT are sufficient to adequately compensate the members of

4          the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

5     (g)   DEFENDANT has acted or refused to act on grounds generally

6          applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

7          making final class-wide relief appropriate with respect to the

8          CALIFORNIA LABOR SUB-CLASS as a whole;

9     (h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily

10         ascertainable from the business records of DEFENDANT.  The

11         CALIFORNIA LABOR SUB-CLASS consists of those Sales

12         Representatives who worked overtime hours and who were not paid

13         overtime; and,

14    (i)   Class treatment provides manageable judicial treatment calculated to

15         bring a efficient and rapid conclusion to all litigation of all wage and

16         hour related claims arising out of the conduct of DEFENDANT.

17

18                           **JURISDICTION AND VENUE**

19    46.    This Court has jurisdiction over the PLAINTIFF's federal claims pursuant to 28

20  U.S.C.§1331 and supplemental jurisdiction of the PLAINTIFF's state law claims pursuant to

21  28 U.S.C. § 1367.

22    47.    Further, with respect to the state law class claims, these state law class claims

23  are brought as a Class Action pursuant to Fed. R. Civ. Proc, Rule 23 on behalf of a class that

24  exceeds 100 persons, that involves more than $5,000,000 in controversy, and where the

25  citizenship of at least one member of the class is diverse from that of DEFENDANT.  As a

26  result, this Court also has original jurisdiction over the state law class claims under 28

27  U.S.C. § 1332 (CAFA Jurisdiction).

28    48.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because: (i)

    DEFENDANT is subject to personal jurisdiction in this District and therefore resides in this

District; (ii) DEFENDANT maintains offices or facilities in this District; and, (iii) DEFENDANT committed the wrongful conduct against members of the CALIFORNIA CLASS in this District.

**FIRST CAUSE OF ACTION**

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. And Prof. Code §§ 17200 et seq.]**

**(By PLAINTIFF and the CALIFORNIA CLASS and against ALL DEFENDANTS)**

49. PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 48 of this Complaint.

50. DEFENDANT is a "persons" as that term is defined under Cal. Bus. and Prof. Code § 17021.

51. California Business & Professions Code § 17200 et seq. (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

52. By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to provisions of the Wage Orders, the California Labor Code, the regulations of the Department of Labor, and the opinions of the Department of Labor Standards Enforcement, for which this Court should issue declaratory, and other equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, as may be necessary to prevent and remedy the conduct held to

1 | constitute unfair competition.

2 |      53.     Throughout the CLASS PERIOD, it was also DEFENDANT's uniform policy

3 | and practice to make unavailable mandatory meal and rest breaks to the PLAINTIFF and the

4 | Class Members.  DEFENDANT's uniform practice requires PLAINTIFF and the Class

5 | Members to work continuously throughout the workday without being supplied meal and/or

6 | rest periods in accordance with the number of hours they worked.  At all relevant times

7 | during the CLASS PERIOD, DEFENDANT failed to provide any compensated work time

8 | for interrupting and/or failing to provide such breaks to the PLAINTIFF and the Class

9 | Members.   DEFENDANT's conduct therefore violates Labor Code §§ 226.7 and 512.

10 |      54.     Therefore, PLAINTIFF demands on behalf of himself and on behalf of each

11 | member of the CLASS, restitution in the amount of one (1) hour of pay for each workday in

12 | which an off-duty meal period was not timely provided for each five (5) hours of work,

13 | and/or one (1) hour of pay for each workday in which a second off-duty meal period was not

14 | timely provided for each ten (10) hours of work.

15 |      55.     PLAINTIFF further demands restitution on behalf of himself and on behalf of

16 | each member of the CLASS, one (1) hour of pay for each workday in which a rest period

17 | was not timely provided as required by law.

18 |      56.     By and through the unfair and unlawful business practices described herein

19 | above, DEFENDANT has obtained valuable property, money, and services from the

20 | PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them

21 | of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of

22 | DEFENDANT so as to allow DEFENDANT to unfairly compete.  Declaratory and equitable

23 | relief is necessary to prevent and remedy this unfair competition.

24 |      57.     All the acts described herein as violations of, among other things, the

25 | California Labor Code, California Code of Regulations, and the Industrial Welfare

26 | Commission Wage Orders, are unlawful, are in violation of public policy, are immoral,

27 | unethical, oppressive, and unscrupulous, and are likely to deceive employees, as herein

28 | alleged, and thereby constitute deceptive, unfair and unlawful business practices in violation

1   of Cal. Bus. and Prof. Code § 17200 et seq.

2          58.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, are further

3   entitled to, and do, seek a declaration that the above described business practices are

4   deceptive unfair and/or unlawful.

5          59.    The practices herein alleged presently continue to occur unabated.  As a result

6   of the unfair and unlawful business practices described above, PLAINTIFF, and the other

7   members of the CALIFORNIA CLASS, have suffered legal and economic harm.

8

9                              SECOND CAUSE OF ACTION

10                  For Failure To Pay Overtime Compensation

11              [Cal. Lab. Code §§ 510, 515.5, 551, 552, 1194 and 1198]

12            (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)

13         60.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

14   SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

15   paragraphs 1 through 59 of this Complaint.

16         61.    Cal. Lab. Code § 510 states in relevant part:

17              Eight hours of labor constitutes a day's work. Any work in excess of eight
                hours in one workday and any work in excess of 40 hours in any one
18              workweek and the first eight hours worked on the seventh day of work in any
                one workweek shall be compensated at the rate of no less than one and one-
19              half times the regular rate of pay for an employee. Any work in excess of 12
                hours in one day shall be compensated at the rate of no less than twice the
20              regular rate of pay for an employee. In addition, any work in excess of eight
                hours on any seventh day of a workweek shall be compensated at the rate of
21              no less than twice the regular rate of pay of an employee.

22         62.    Cal. Lab. Code § 551 states that, "Every person employed in any occupation of

23   labor is entitled to one day's rest therefrom in seven."

24         63.    Cal. Lab. Code § 552 states that, "No employer of labor shall cause his

25   employees to work more than six days in seven."

26         64.    Cal. Lab. Code § 515(d) provides:  "For the purpose of computing the

27   overtime rate of compensation required to be paid to a nonexempt full-time salaried

28   employee, the employee's regular hourly rate shall be 1/40th of the employee's weekly

1    salary."

2        65.    Cal. Lab. Code § 1194 states:

3            Notwithstanding any agreement to work for a lesser wage, any employee
             receiving less than the legal minimum wage or the legal overtime
4            compensation applicable to the employee is entitled to recover in a civil action
             the unpaid balance of the full amount of this minimum wage or overtime
5            compensation, including interest thereon, reasonable attorney's fees, and costs
             of suit.

6

7        66.    Cal. Lab. Code § 1198 provides:  "The maximum hours of work and the

     standard conditions of labor fixed by the commission shall be the maximum hours of work
8
     and the standard conditions of labor for employees.  The employment of any employee for
9
     longer hours than those fixed by the order or under conditions of labor prohibited by the
10
     order is unlawful."
11
         67.    In addition, Labor Code Section 558 provides:
12
            (a) Any employer or other person acting on behalf of an employer
13           who violates, or causes to be violated, a section of this chapter or any
             provision regulating hours and days of work in any order of the Industrial
14           Welfare Commission shall be subject to a civil penalty as follows:
                 (1) For any initial violation, fifty dollars ($50) for each underpaid
15               employee for each pay period for which the employee was underpaid in
                 addition to an amount sufficient to recover underpaid wages.
16               (2) For each subsequent violation, one hundred dollars ($100) for each
                 underpaid employee for each pay period for which the employee was
17               underpaid in addition to an amount sufficient to recover underpaid wages
                 (3) Wages recovered pursuant to this section shall be paid to the
18               affected employee.
             (b) If upon inspection or investigation the Labor Commissioner determines
19           that a person had paid or caused to be paid a wage for overtime work in
             violation of any provision of this chapter, or any provision regulating hours
20           and days of work in any order of the Industrial Welfare Commission, the
             Labor Commissioner may issue a citation. The procedures for issuing,
21           contesting, and enforcing judgments for citations or civil penalties issued by
             the Labor Commissioner for a violation of this chapter shall be the same as
22           those set out in Section 1197.1.
             (c) The civil penalties provided for in this section are in addition to any other
23           civil or criminal penalty provided by law.

24       68.    DEFENDANT has intentionally and uniformly designated certain employees

25   as "exempt" employees, by their job title and without regard to DEFENDANT's realistic

26   expectations and actual overall requirements of the job, including the PLAINTIFF and the

27   other members of the CALIFORNIA LABOR SUB-CLASS who worked on the production

28   side of DEFENDANT's business.  This was done in an illegal attempt to avoid payment of

overtime wages and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

69.     For an employee to be exempt as an "outside salesperson," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be making sales as defined to include any sale, exchange, contract to sell, consignment sale, shipment for sale, or other disposition; or

(b)     The employee must obtain orders or contracts for services or for the use of facilities for which a consideration will be paid by the client or customer; and,

(c)     The employee must customarily and regularly spend more than half the work time away from the employer's place of business engaged in sales-related activity; and,

(d)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an outside salesperson because they all fail to meet the requirements of being an "outside salesperson" within the meaning of the applicable Wage Order.

70.     For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an executive because they all fail to meet the requirements of being an "executive" within the meaning of the applicable Wage Order.

71.    For an employee to be exempt as a bona fide "administrator," all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)    The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)    The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)    The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)    The employee must execute special assignments and tasks under only general supervision; and,

(f)    The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CALIFORNIA LABOR SUB-CLASS was or is an administrator because they all fail to meet the requirements for being an "administrator" under the applicable Wage Order.

72.    The Industrial Welfare Commission, in Wage Order 1-2001 and 4-2001, at section (1)(A)(3)(h), and Labor Code § 515 also set forth the requirements which must be complied with to place an employee in the "professional" exempt category.  For an employee to be exempt as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)    The employee is primarily engaged in an occupation commonly recognized as

a learned or artistic profession.  For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

    1)      Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

    2)      Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

    3)      Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

    (b)      The employee must customarily and regularly exercise discretion and independent judgment; and,

    (c)      The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CALIFORNIA LABOR SUB-CLASS was or is a professional because they all fail to meet the requirements of being a "professional" within the meaning of the applicable Wage Order.

    73.      PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, do not fit the definition of an exempt outside salesperson, executive, administrative, or professional employee because:

(a)     They did not work as outside salespeople, executives or administrators; and,

(b)     The professional exemption does not apply to the PLAINTIFF, nor to the other members of the CALIFORNIA LABOR SUB-CLASS because they did not meet all the applicable requirements to work under the professional exemption for the reasons set forth above in this Complaint.

74.     During the class period, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or worked on the seventh (7th) consecutive day of a workweek.

75.     At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, were regularly required to work, and did in fact work, overtime hours.

76.     By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, for their overtime hours, the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

77.     DEFENDANT knew or should have known that the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, were misclassified as exempt and DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their overtime labor as a matter of uniform corporate policy, practice and procedure.

78.     Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, request recovery of overtime compensation according to proof,

1    interest, costs, as well as the assessment of any statutory penalties against DEFENDANT, in

2    a sum as provided by the Cal. Lab. Code and/or other statutes.  To the extent overtime

3    compensation is determined to be owed to members of the CALIFORNIA LABOR SUB-

4    CLASS who have terminated their employment, these employees would also be entitled to

5    waiting time penalties under Labor Code § 203, which penalties are sought herein, because

6    DEFENDANT's failure to pay such overtime wages was willful.  Further, PLAINTIFF, and

7    the other members of the CALIFORNIA LABOR SUB-CLASS, are entitled to seek and

8    recover statutory costs, and therefore request statutory costs as well.

9         79.    In performing the acts and practices herein alleged in violation of labor laws

10   and refusing to provide the requisite overtime compensation, DEFENDANT acted and

11   continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and

12   toward the other members of the CALIFORNIA LABOR SUB-CLASS, with a conscious

13   and utter disregard of their legal rights, or the consequences to them, and with the despicable

14   intent of depriving them of their property and legal rights and otherwise causing them injury

15   in order to increase corporate profits at the expense of the PLAINTIFF and the members of

16   the CALIFORNIA CLASS.

17

18                          **THIRD CAUSE OF ACTION**

19                **For Failure to Provide Accurate Itemized Statements**

20                          **[Cal. Lab. Code § 226]**

21            **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS)**

22        80.    PLAINTIFF, and the other members of the CALIFORNIA LABOR

23   SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,

24   paragraphs 1 through 79 of this Complaint.

25        81.    Cal. Labor Code § 226 provides that an employer must furnish employees

26   with an "accurate itemized statement in writing" showing:

27        (1) gross wages earned,
          (2) total hours worked by the employee, except for any employee whose
28   compensation is solely based on a salary and who is exempt from payment of
          overtime under subdivision (a) of Section 515 or any applicable order of the

Industrial Welfare Commission,
(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,
(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,
(5) net wages earned,
(6) the inclusive dates of the period for which the employee is paid,
(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,
(8) the name and address of the legal entity that is the employer, and
(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

82.     At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to provide an accurate wage statement in writing that properly and accurately itemized the number of hours worked by the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS at the effective regular rates of pay and the effective overtime rates of pay.

83.     DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to the PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for the PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

### FOURTH CAUSE OF ACTION

**Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA")**

**(By PLAINTIFF and the COLLECTIVE CLASS against DEFENDANT)**

84.     PLAINTIFF, and the other members of the COLLECTIVE CLASS, reallege and

incorporate by this reference, as though fully set forth herein, paragraphs 1 through 83 of this Complaint.

85. DEFENDANT is engaged in communication, business, and transmission between the states, and is, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

86. The PLAINTIFF further brings the Fourth Cause of Action on behalf of a COLLECTIVE CLASS in accordance with 29 U.S.C. §216 which consists of all Sales Representatives employed in California by DEFENDANT during the period three (3) years prior to the filing of the Complaint and ending on the date as determined by the Court, and who performed work in excess of forty (40) hours in one week (the "COLLECTIVE CLASS").

87. 29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.

88. 29 U.S.C. § 207(a)(1) provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

89. Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary schools), or in the capacity of outside salesman (as such terms are defined and delimited from time to time by regulations of the Secretary, subject to the provisions of the Administrative Procedure Act [5 USCS §§ 551 et seq.] except [that] an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

90. DEFENDANT has willfully engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed above, by uniformly designating certain employees as "exempt" employees, by their job title and without regard to DEFENDANT's realistic expectations and actual overall requirements of the job, including the PLAINTIFF and

the other members of the COLLECTIVE CLASS who worked on the production side of DEFENDANT's business enterprise. This was done in an illegal attempt to avoid payment of overtime wages and other benefits in violation of the FLSA and Code of Federal Regulations requirements.

91.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the PLAINTIFF and the other members of the COLLECTIVE CLASS are entitled to overtime compensation for all overtime hours actually worked, at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek. DEFENDANT's failure to pay overtime wages as required by federal law was willful and not in good faith.

92.   29 C.F.R. 541.2 establishes that a job title alone is insufficient to establish the exempt status of an employee. The exempt or nonexempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

93.   The exemptions of the FLSA as listed in section 13(a), and as explained by 29 C.F.R. 541.3, do not apply to the PLAINTIFF and the other members of the COLLECTIVE CLASS, because their work consists of non-management, production line labor performed with skills and knowledge acquired from on-the-job training, rather than from the prolonged course of specialized intellectual instruction required for exempt learned professional employees such as medical doctors, architects and archeologists. Sales Representatives either do not hold an advanced degree, have not taken any prolonged course of specialization, and/or have attained the vast majority of the skills they use as employees of DEFENDANT from on-the-job training.

94.   For an employee to be exempt as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)   The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision;

(b)   The employee must customarily and regularly direct the work of at least two (2) or more other employees;

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an executive because they all fail to meet the requirements of being an "executive " under section 13 of the FLSA and 29 C.F.R. 541.100. Moreover, none of the members of the COLLECTIVE CLASS managed the work of two or more other employees in a customarily recognized department or subdivision of the employer, and whose recommendations as to the hiring, firing, advancement, promotion or other change of status of the other employees were given particular weight and therefore, they do not qualify for the executive exemption.

95.     For an employee to be exempt as a bona fide "administrator,"all of the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management or general business operation of the employer or the employer's customers;

(b)     The employee must customarily and regularly exercise discretion and independent

judgment with respect to matters of significance; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform under only general supervision, work requiring special training, experience, or knowledge; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the COLLECTIVE CLASS was or is an administrator because they all fail to meet the requirements of for being  an "administrator" under section 13(a) of the FLSA and 29

1    C.F.R. 541.300.

2        96.    For an employee to be exempt as a bona fide "professional", the

3    DEFENDANT has the burden of proving that the primary duty of the employee is the

4    performance of work that:

5        (a)    Requires knowledge of an advanced type in a field of science or learning

6               customarily acquired by a prolonged course of specialized intellectual instruction;

7               or

8        (b)    Requires invention, imagination, originality or talent in a recognized field of

9               artistic or creative endeavor.

10   No member of the COLLECTIVE CLASS was or is a professional because they all fail to meet

11   the requirements of being an "professional" within the meaning of 29 CFR 541.300.

12   Further, the PLAINTIFF and the other Sales Representatives operated under intense scrutiny

13   from management and are strictly dictated by written guidelines and standardized procedures.

14       97.    During the COLLECTIVE CLASS PERIOD, the PLAINTIFF, and other

15   members of the COLLECTIVE CLASS, worked more than forty (40) hours in a workweek.

16       98.    At all relevant times, DEFENDANT failed to pay the PLAINTIFF, and other

17   members of the COLLECTIVE CLASS, overtime compensation for the hours they have worked

18   in excess of the maximum hours permissible by law as required by section 207 of the FLSA,

19   even though the PLAINTIFF, and the other members of the COLLECTIVE CLASS, were

20   regularly required to work, and did in fact work, overtime hours.

21       99.    For purposes of the Fair Labor Standards Act, the employment practices of

22   DEFENDANT were and are uniform throughout the United States in all respects material to the

23   claims asserted in this Complaint.

24       100.   There are no other exemptions applicable to the PLAINTIFF and/or to members

25   of the COLLECTIVE CLASS.

26       101.   As a result of DEFENDANT's failure to pay overtime compensation for

27   overtime hours worked, as required by the FLSA, the PLAINTIFF and the members of the

28   COLLECTIVE CLASS were damaged in an amount to be proved at trial.

102.   Therefore, the PLAINTIFF demands that he and the members of the COLLECTIVE CLASS be paid overtime compensation as required by the FLSA for every hour of overtime worked in any workweek for which they were not compensated, plus interest and statutory costs as provided by law.

**PRAYER**

WHEREFOR, the PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CALIFORNIA CLASS:

    A)   That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)   An order requiring DEFENDANT to correctly calculate and pay all wages and all sums unlawfuly withheld from compensation due to the PLAINTIFF and the other members of the CALIFORNIA CLASS; and,

    C)   Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to the PLAINTIFF and to the other members of the CALIFORNIA CLASS according to proof.

    D)   An order temporarily, preliminarily, and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein.

2.   On behalf of the CALIFORNIA LABOR SUB-CLASS:

    A)   That the Court certify the Second and Third Causes of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)   Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation due to the PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS, during the applicable CALIFORNIA CLASS PERIODS plus interest thereon at the statutory rate;

C)  The wages of all terminated employees from the CALIFORNIA LABOR SUB-CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced, in accordance with Cal. Lab. Code § 203; and,

D)  The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226.

3.  On behalf of the COLLECTIVE CLASS:

A)  That the Court certify the Fourth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in Class Action under 29 U.S.C. § 216(b);

B)  Issue a declaratory finding that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

C)  That the PLAINTIFF and the other members of the COLLECTIVE CLASS recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

4.  On all claims:

A)  An award of interest, including prejudgment interest at the legal rate;

B)  An award of penalties and cost of suit, as allowable under the law.  Neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees or costs available under Cal. Lab. Code § 218.5; and,

C)  Such other and further relief as the Court deems just and equitable.

Dated:  December 15, 2010          BLUMENTHAL, NORDREHAUG & BHOWMIK

By:____ */s/ Norman B. Blumenthal*_____
Norman B. Blumenthal
Attorneys for Plaintiff

1

## **DEMAND FOR JURY TRIAL**

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4

Dated:   December 15, 2010            BLUMENTHAL, NORDREHAUG & BHOWMIK

5

By:_____*/s/ Norman B. Blumenthal*_____
              Norman B. Blumenthal

6

              Attorneys for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28